IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN & SHANIQUA BRYANT, | : | |
|     Plaintiffs, | : | |
| | : | No. 21-cv-3475-JMY |
| v. | : | |
| | : | |
| ALLIANCE PROPERTY SOLUTIONS | : | |
| & JANSELL ARIAS, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**Younge, J.**                                                                                                           **April 29, 2022**

Currently before the Court is Plaintiffs' Motion for Default Judgment (Motion for Default Judgment, ECF No. 5), Defendants' Motion to Set Aside the Default (Motion to Set Aside Default, ECF No. 8), and Plaintiffs' Motion for Oral Argument. (Motion for Oral Argument, ECF No. 11.)

The Court finds it appropriate to resolve these three motions without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, Plaintiffs' Motion for Default Judgment and Motion for Oral Argument will be denied, and Defendants' Motion to Set Aside the Default will be granted. The Complaint will be *sua sponte* dismissed without prejudice; Plaintiff will be granted leave to file an amended complaint.

I.  **FACTUAL AND PROCEDURAL BACKGROUND:**

The above-captioned matter arises from a landlord-tenant dispute. (Complaint, ECF No. 1.) Plaintiffs are tenants of a residential property located at 2704 Walnut Ridge Estates in Pottstown, Pennsylvania, and Defendant Alliance Property Solutions is their landlord. (*Id.* ¶ 1.) In this regard, Plaintiffs and Defendant Alliance Property Solutions are parties to a residential lease agreement that contains an option to purchase clause. (*Id.* Ex. A, ECF No. 1-1 pages 7-8.)

To summarize in the most concise form, Plaintiffs allege that they are entitled to a damage award because Defendants actively concealed defects in the residential property and failed to effectuate repairs. (*Id.* ¶¶ 1-3 (Relief Sought).)

Plaintiffs filed this matter in federal court, and they allege that jurisdiction is appropriate because this case involves a federal question. (*Id.* pages 2, 8, ECF No. 1.) They cite to the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 41-58, and Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201, *et seq*. (*Id.*) In addition to their claim under the UTPCPL, Plaintiffs also allege that Defendants violated various other Pennsylvania state statutes, and they assert claims for breach of contract, fraudulent concealment, misrepresentation, and neglect. (*Id.* pages 7-8.)

On August 24, 2021, Plaintiffs filed proof of service purportedly signed by the Defendants. (Proof of Service, ECF No. 3.) Shortly thereafter, on September 2, 2021, pursuant to Plaintiffs' request, the Clerk of Court entered a default against the Defendants for failure to appear, plead or otherwise defend. (ECF No. 4-5.) Plaintiffs then filed their Motion for Default Judgment. Upon review of Plaintiffs' Motion for Default Judgment, the Court entered an Order to Show Cause in which it directed Plaintiffs to explain their theory for federal subject matter jurisdiction in a letter brief addressed to the Court. (Order, ECF No. 7.) As directed, Plaintiffs filed a Response to the Order to Show Cause in which they asserted federal subject matter jurisdiction based on the FTCA in conjunction with the UTPCPL. (Response to Order to Show Cause, ECF No. 13.)

**II.   DISCUSSION:**

Based on the Complaint and Plaintiffs' Response to the Order to Show Cause, the Court finds it appropriate under Federal Rule of Civil Procedure 12(h)(3) to *sua sponte* dismiss – for

2

lack of federal subject matter jurisdiction – all claims asserted by Plaintiffs. The Court will grant the Defendants' Motion to Set Aside the Default and provide Plaintiffs with an opportunity to file an amended complaint.

Federal Rule of Civil Procedure 12(h)(3) states, "if the court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." A federal district court is a court of limited jurisdiction and has an independent obligation to inquire into whether it has subject matter jurisdiction to preside over a case. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003). Federal courts have an ever-present obligation to ensure that subject matter jurisdiction exists, and they can raise issues of subject matter jurisdiction *sua sponte* at any time. Fed. R. Civ. P. 12(h)(3); *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*."); *Johnson v. United States*, No. 08-0816, 2009 U.S. Dist. LEXIS 76545, at *6 (M.D. Pa. Aug. 27, 2009). A district court should dismiss a complaint if it lacks subject matter jurisdiction over the claims because without subject matter jurisdiction the court does not have the power to hear the case. Fed. R. Civ. P. 12(b)(1); *Mortensen v. First Fed. Sav and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Plaintiffs' Complaint asserts federal question jurisdiction under 28 U.S.C. § 1331, which states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This type of jurisdiction must arise under a federal right or immunity created by the Constitution, a federal law, or treaty. *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127-28 (1974). Federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal

law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal*, 463 U.S. 1, 27-28 (1983).

Plaintiffs invoke federal question jurisdiction by citing to an Act of Congress – the FTCA, 15 U.S.C. § 41-58.  (Complaint pages 2.)

**Plaintiffs' Claim under the Federal Trade Commission Act Fails.**

The Complaint does not present a federal question for purposes of establishing federal subject matter jurisdiction because Plaintiffs' claim under the FTCA fails.  Plaintiffs' claim under the FTCA fails because "private parties are not authorized to file enforcement actions, only the [Federal Trade Commission] has that authority."  *Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc.,* 902 F.2d 222, 231 (3d Cir. 1990) (FTCA does not create a private right of action.); *Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir.2001) (the provisions of the FTCA regulations do not create private rights; therefore, this theory fails to create a federal question). *Carpenter v. Kloptoski*, No. 08-2233, 2010 U.S. Dist. LEXIS 22262, at *34 (M.D. Pa. Mar. 10, 2010) ("There is no private right of action under Federal Trade Commission Act."); *McMillan v. Nationstar Mortg. Co*., No. 20-1321, 2020 U.S. Dist. LEXIS 128863 (E.D. Pa. July 22, 2020) ("Congress has provided that only the Federal Trade Commission may enforce the FTCA.  See 15 U.S.C. § 57(b)"); *Bond v. State Farm Ins., Co.*, No. 18-176, 2019 U.S. Dist. LEXIS 58110, at *13 (W.D. Pa. April 4, 2019) (stating that there is no private right of action under the FTCA.); *Scott v. Regulus Integrated Solutions*, No. 16-389, 2016 U.S. Dist. LEXIS 145607, at *13 (W.D. Pa. October 19, 2016); *Yogo Factory Franchising, Inc. v. Ying*, No. 13-630, 2014 U.S. Dist. LEXIS 61968, at *27 (D.N.J. May 5, 2014); *Palermo Gelato, LLC v. Pino Gelato, Inc.*, No. 12-931, 2013 U.S. Dist. LEXIS 9931 (W.D. Pa. January 24, 2013); *Taggart v. GMAC Mortg., LLC*, No. 12-415, 2012 U.S. Dist. LEXIS 167519, at *18 (E.D. Pa. Nov. 26, 2012).

Several Circuit Courts in jurisdictions outside of the Third Circuit have also found that the FTCA does not create a private right of action.[1] Congress established the Federal Trade Commission with the enactment of the FTCA. *Id.* The FTCA is the enabling legislation that permits the Federal Trade Commission to act as an administrative body and enforce regulations. *Id.*

**State Law Claims Including Claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1, *et seq.***

Plaintiffs assert various state law claims including a claim under Pennsylvania's UTPCPL. However, the only basis for original jurisdiction here is Plaintiffs' FTCA claim. Since Plaintiffs' federal claim does not survive dismissal, original jurisdiction is eliminated. *Johnson v. Trans Union, LLC*, No. 12-5272, 2013 U.S. Dist. LEXIS 71538, *12 (E.D. Pa. May 21, 2013) (declining to exercise jurisdiction over UTPCPL claims after dismissal of cause of action under the FTCA). Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims including their UTPCPL claim. 28 U.S.C. § 1367(c) (stating that a district court may decline supplemental jurisdiction over the case if it "has dismissed all claims over which it has original jurisdiction."); *Yerka v. Aetna*, No. 16-6512, 2017 U.S. Dist. LEXIS 76342, at *9 (E.D. Pa. May 19, 2017) (stating that UTPCPL is a state law cause of action).

Thus, this claim is dismissed without prejudice to any right Plaintiffs may have to pursue them in state court. The Plaintiffs will also be granted leave to file an amended complaint in this action that properly asserts original federal jurisdiction.

---

[1] *Am. Airlines v. Christensen*, 967 F.2d 410 (10th Cir.1992) (finding no private right of action under the FTCA); *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232 (2d Cir. 1974); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C. Cir. 1973); *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973); *Fulton v. Hecht*, 580 F.2d 1243, n.2 (5th Cir. 1978).

## III. CONCLUSION:

For these reasons, Plaintiffs' Complaint will be dismissed without prejudice and an appropriate order will follow.

BY THE COURT:

/s/John Milton Younge
Judge John Milton Younge